IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDDIE MONTOYA,**

    **Appellant-Plaintiff,**

**vs.**

    No. CIV 00-1076 JC/WWD

**MERVYN'S INC., a Foreign
corporation, a/k/a MERVYN'S,**

    **Appellee-Defendant.**

### DEFENDANT'S REQUESTED FINDINGS OF FACTS AND CONCLUSIONS OF LAW OPPOSED BY PLAINTIFF

Defendant Mervyn's, Inc, ("Mervyn's") submits the following requested findings of fact and conclusions of law that are opposed by Plaintiff:

**A.    Findings of Facts**

1.    As Key Store Investigator, Plaintiff's duties included apprehension of shoplifters, conducting investigation of cases of internal and external theft, training employees and conducting store audits, but his duties did not include the supervision of any other employees.

2.    In 1999 Plaintiff was briefly promoted to District Investigator. However, Plaintiff's poor performance in that position, including a lack of communication with management, prompted Mervyn's to ask Plaintiff to step down from the position and return to the Key Store Investigator position, which Plaintiff agreed to do.

3.    While working as a Key Store Investigator, Plaintiff received annual reviews of his performance every year. Plaintiff's ratings on the annual reviews,



usually conducted in the early part of the year, determined his eligibility for, and the amount of, any compensation increase under Mervyn's Pay for Performance program.

4. Plaintiff sometimes also received mid-year reviews in late summer. The mid-year reviews had no effect on Plaintiff's compensation and were intended only as a guide to Mervyn's management and Plaintiff as to Plaintiff's performance since the last annual review.

5. The reference to employee performance ratings in the Team Handbook refers only to the annual reviews done in the early part of each year, not to mid-year reviews.

6. The Team Handbook contains no reference to mid-year performance reviews or ratings.

7. Ms. DeLaTorre also filled out, but did not sign or date, a mid-year review for Plaintiff in approximately August 1998. However, at that time Plaintiff was absent from work for an extended period of time due to a non-work-related injury he sustained in a motor vehicle accident.

8. When Plaintiff returned to work in late September 1998, Ms. DeLaTorre did not review the mid-year review with Plaintiff because in the press of business she forgot to do so.

9. In January 1999, Mervyn's decided to reorganize its Assets Protection Department. As a part of that reorganization Mervyn's eliminated the Key Store Investigator position.

10. Mervyn's also decided to create a new position of Asset Protection Team Leader, a supervisory position, the duties of which included supervision, leadership, management and motivation of Store Investigators and other team members and other management duties requiring close communication and work with store management. The abilities to lead and to communicate effectively with store management were critical qualifications. The Asset Protection Team Leader position was a salaried position with an entry salary of $29,500.

11. Mervyn's prepared Team Member Profile forms, including data regarding each applicant's score on the mid-year 1998 evaluation, the review score for fiscal 1997 the estimated review score for fiscal 1998, productivity statistics and other information regarding the qualifications of the applicants.

12. Randy Allen, Regional Asset Protection Team Leader, considered the information on the Team Member Profile forms, as well as his personal knowledge of the performance and capabilities of each applicant and information provided by each applicant's Store Team Leader.

13. Based on this review, Mr. Allen determined that Plaintiff would not be interviewed for the Asset Protection Team Leader job due to the fact that Plaintiff's performance had been inconsistent and he lacked the leadership and communications skills necessary to effectively lead a team and work closely with store management.

14. Plaintiff was less qualified than the applicants for the Asset Protection Team Leader position who were interviewed and/or selected for the positions.

15.     Plaintiff was unemployed for approximately 2 months. He then worked in security at the Inn of the Anasazi for a wage rate of $9.00 per hour. After approximately six months Plaintiff secured employment with the State Highway Department where he began with a wage rate of $11.70 per hour, later increased to $12.98 per hour. Plaintiff's benefits at the State Highway Department are comparable to, or better than, his benefits at Mervyn's.

## B.     Conclusions of Law

1.      In New Mexico, employment is presumed to be at will unless the employer, by its words or conduct, modifies the at will relationship by creating a reasonable expectation that the employer has restricted its right to terminate. *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 857 P.2d 776, *cert. denied*, 510 U.S. 118 (1993).

2.      The New Mexico Supreme Court has held that an employer may create such a reasonable expectation by issuing a policy manual which, by its language, encourages an employee to rely on its terms. *Lukoski v. Sandia Indian Management Co.*, 106 N.M. 664, 666, 748 P.2d 507, 510 (1988).

3.      Here, Mervyn's Team Handbook, in at least two places expressly states that it is not to be considered an employment contract and Plaintiff was familiar with this language. The New Mexico Supreme Court has held that where a handbook contains an "express reservation of the right to terminate an employee for any reason" the handbook does not create a reasonable expectation of an implied contract. *Garrity v. Overland Sheepskin Co. of Taos*, 1996 NMSC 32, ¶ 12 (1996).

4.      The clear reservation of the at will relationship in the Team Handbook therefore prevents anything in the Team Handbook from being part of an implied contract of employment and means that Plaintiff did not have a reasonable expectation of an implied contract based on the Team Handbook.

5.      Plaintiff's employment therefore was at-will and Mervyn's is entitled to judgment on his breach of contract claim.

6.      Because Plaintiff was an at will employee, there was no implied covenant of good faith and fair dealing in his employment relationship with Mervyn's and Mervyn's is entitled to judgment on Plaintiff's breach of covenant of good faith and fair dealing claim. *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438, 872 P.2d 852 (1994).

7.      Even if Mervyn's can be held to the terms of the Team Handbook, there was no breach. The Team Handbook spells out the procedure for annual reviews and there is no dispute over the fact that Mervyn's complied with the procedure with respect to the annual reviews of Plaintiff.

8.      The Team Handbook contains no provision governing mid-year reviews and Mervyn's therefore cannot be held to have violated the Team Handbook.

9.      At most, Mervyn's failure to show Plaintiff the 1998 mid-year evaluation was the result of inadvertence and there is no showing of bad faith on the part of Mervyn's.

10.     Judgment shall be entered for Mervyn's on Plaintiff's claims of breach of implied contract and breach of covenant of good faith and fair dealing.

Respectfully submitted,

NOEDING & MOODY, P.C.

By: *[signature]*

Christopher M. Moody
Anne Marie Turner
4300 San Mateo Blvd. NE, Ste. B260
Albuquerque, NM 87110
(505) 878-0515
ATTORNEYS FOR DEFENDANT

We hereby certify that we have served by mail a true and correct copy of the foregoing pleading upon the following opposing counsel of record this 31st day of July, 2001:

Gilbert J. Vigil, Esq.
1615 Central Avenue, NW
Albuquerque, NM 87104

NOEDING & MOODY, P.C.

By: *[signature]*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE MONTOYA,

    Appellant-Plaintiff,

vs.

MERVYN'S INC., a Foreign
corporation, a/k/a MERVYN'S,

    Appellee-Defendant.

01 JUL 31 PM 3: 54

No. CIV 00 1076 JC/WWD

## DEFENDANT'S STIPULATED REQUESTED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Defendant Mervyn's, Inc, ("Mervyn's") submits the following requested findings of fact and conclusions of law that are stipulated to by Plaintiff:

### A. Findings of Facts

1. Plaintiff is and at all times material hereto has been a resident of the state of New Mexico.

2. Mervyn's is a California Corporation with its principal place of business in California. It is qualified to conduct business in New Mexico. Mervyn's operates a national chain of department stores, including one in Santa Fe, New Mexico.

3. Mervyn's employed Plaintiff at its Santa Fe store from 1986 until March 1, 1999.

4. Except for a four-month period, Plaintiff worked as a Key Store Investigator from 1991 until he left Mervyn's employ on March 1, 1999.

5. In approximately January 1998 Mervyn's issued a revised version

of its Team Handbook to Plaintiff and Plaintiff acknowledged in writing that he received and read the handbook.

 6. On page 1 the Team Handbook stated:

> This handbook is not an employment contract nor a guarantee of employment. This handbook doesn't guarantee your employment for any particular length of time nor limit how your employment with Mervyn's California may end, as either Mervyn's California or you may end your employment at any time.

 7. On page 28, opposite the acknowledgment form Plaintiff signed, the Team Handbook stated:

> **"MERVYN'S CALIFORNIA TEAM HANDBOOK"** contains general information to make you aware of policies and procedures that apply to Mervyn's California team members. You are responsible for knowing these policies and procedures. This book is used to newly-hired team members when they begin their employment with Mervyn's California, and is updated periodically. This handbook is neither a contract nor a guarantee of employment.
>
> **All team members of Mervyn's California are employed "at will." That means you may leave Mervyn's California for any reason at any time, and that Mervyn's California has the right to reassign you or terminate your employment at any time. This policy cannot be replaced or changed by verbal or written statements."** (emphasis original).

 8. On page 6 the Team Handbook contains a section discussing employee performance reviews. It states that an employee's supervisor will meet with the employee "before March" each year to discuss the employee's work and assign a performance rating. It states that the supervisor "will review" the employee's ratings in a variety of categories with the employee.

 9. Plaintiff received his 1998 annual review in approximately March, 1998. His supervisor, Diane DeLaTorre discussed the review with him.

 10. Plaintiff indicated his interest in interviewing for the position.

2

11. Plaintiff and ten (10) other Key Store Investigators were considered for six (6) Asset Protection Team Leader positions.

12. Because Plaintiff was not selected for an interview, he was given the option of reassignment to a Store Investigator with a $1.00 per hour reduction in pay from $11.30, his wage rate at the time of his separation, to $10.30.

13. Plaintiff rejected this option and voluntarily resigned his employment.

## B. Conclusions of Law

1. Complete diversity exists between the parties hereto and the Court has jurisdiction over the subject matter of this suit.

2. Defendant Mervyn's employed Plaintiff in New Mexico and New Mexico law therefore applies to the employment relationship.

NOEDING & MOODY, P.C.

By _____
Christopher M. Moody
Anne Marie Turner
4300 San Mateo Blvd. NE, Ste. B260
Albuquerque, NM 87110
(505) 878-0515
ATTORNEYS FOR DEFENDANT

We hereby certify that we have served by mail a true and correct copy of the foregoing pleading upon the following opposing counsel of record this 31st day of July, 2001:

Gilbert J. Vigil, Esq.
1615 Central Avenue, NW
Albuquerque, NM 87104

NOEDING & MOODY, P.C.

By _____

3